MICHAEL HEWETSON v. MARTIN S. DOSSETT and Another.[1]

January 26, 1898.

Nos. 10,888—(258).

**Appeal—Assignments of Error Insufficient.**
*Held*, that the assignments of error herein are insufficient to present the question raised and argued by counsel for appellant.

**Same—Assignment that Decision Is Not Supported by Findings—Review of Rulings Upon Evidence.**
A ruling of the trial court, whereby evidence is admitted or excluded,

1 Reported in 73 N. W. 1089.

cannot be reviewed under an assignment, in substance, that the conclusion of law of the court below is not justified by the findings of fact.

Appeal by plaintiff from an order of the district court for Watonwan county, Severance, J., denying his motion for a new trial. Affirmed.

*Ashley Coffman* and *J. W. Seager*, for appellant.

*Benjamin D. Smith*, for respondents.

COLLINS, J.[2]

Subsequent to the filing of the findings of fact and the conclusion of law in this action, the conclusion being, in effect, that plaintiff had no cause of action, a stipulation was entered into between counsel, whereby, in lieu of preparing a settled case, it was agreed that the only question to be raised on a motion for a new trial, made on a bill of exceptions, or on an appeal from an order granting or denying such motion, should be:

"Did the trial court err in excluding from the evidence the three instruments hereinafter set forth verbatim? and if such instruments, or any of them, were admissible in evidence, then did the plaintiff acquire any title to, or interest in, the real estate described therein, by virtue of the alleged facts or proceedings purporting to be shown by such admissible instruments, or any of them? the plaintiff conceding and admitting that he is not entitled to recover in this action unless he did so acquire some title or interest in said real estate."

The motion for a new trial was denied in the court below, and on appeal the first and second assignments of error made by counsel for appellant challenge the sufficiency of the evidence to justify the findings of fact and the decision of the trial court, while the third and last assignment is that

"The decision of the court is not supported by the findings of fact, and is contrary to law."

Even if we could ignore and disregard the stipulation made a part of the bill of exceptions, the first and second assignments of error could not be considered, for the reason that there is no claim or pretense that the evidence adduced at the trial has been returned

[2] BUCK, J., took no part.

to this court. In fact, the bill of exceptions shows that it has not.

Nor does the third assignment of error reach the question covered by the stipulation and argued by counsel. A ruling of the trial court admitting or excluding evidence cannot be reviewed under an assignment, in substance, that the conclusion of law is not justified by the findings of fact. On the findings as made, and which we suppose were supported by the evidence actually received, the conclusion of law was eminently proper. What the conclusion should or would have been had the excluded documentary evidence been received, is an entirely different question, and not before us.

Order affirmed.